**In the United States District Court
for the District of Kansas**

---

Case No. 23-cv-02045-TC-BGS

---

NALINI PREMSINGH,

*Plaintiff*

v.

PROVIDENCE MEDICAL CENTER, ET AL.,

*Defendants*

---

**MEMORANDUM AND ORDER**

Plaintiff Nalini Premsingh is a physician and former employee of Defendant Prime Healthcare Services – Providence, LLC. Premsingh alleges that Prime breached an employment contract by terminating her employment. Prime moves to dismiss Premsingh's amended complaint. Doc. 10. For the following reasons, that motion is granted.

**I**

**A**

**1.** To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement … showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two "working principles" underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Penn Gaming*, 656 F.3d at 1214. Second, a court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

1

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts, viewed in the light most favorable to the claimant, must move the claim from conceivable to plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). In other words, the nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

**2.** A federal court exercising jurisdiction over a diversity suit applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Kansas courts follow "the doctrine of lex loci contractus, i.e., the law of the state where the contract is made governs." *In re K.M.H.*, 169 P.3d 1025, 1031–32 (Kan. 2007) (citation omitted). "A contract is made where the last act necessary for its formation occurs." *Id.*

The parties assume that Kansas law applies. Doc. 10 at 4; Doc. 11 at 2–3. If Kansas's law is ambiguous, a federal district court must look to the Kansas Supreme Court's rulings. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citing *High Plains Nat. Gas Co. v. Warren Petroleum Co.*, 875 F.2d 284, 288 (10th Cir. 1989)). And "if no such rulings exist, [it] must endeavor to predict how the high court would rule." *Finstuen v. Crutcher*, 496 F.3d 1139, 1148 (10th Cir. 2007) (quoting *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 899 (10th Cir. 2006)).

**B**

Premsingh was a member of Prime's medical staff.[1] Doc. 9 at ¶ 12. The parties formalized their relationship with a contract. *See id.* at ¶¶ 12–13; Doc. 11 at 3. Prime also "administer[s] the operation of [its] hospital in part through a number of bylaws." *Id.* at ¶ 10. These bylaws govern all of Prime's physicians and "the means and methods by which [Prime] renew[s], negotiate[s], and/or terminate[s] contracts with its medical staff, including Dr. Premsingh." *Id.* at ¶ 11.

Prime terminated Premsingh's employment. Doc. 9 at ¶ 15. In response, she sued Prime in Kansas state court, alleging a single count of breach of contract. *Id.* at ¶¶ 15–16. Prime properly removed to federal court, Doc. 1, and moved to dismiss, Doc. 6. It argued that the state-court petition failed to identify any act or omission that would constitute a breach and failed to identify the contract provisions upon which the claim was based. Doc. 6.

In response, Premsingh filed an amended complaint. Doc. 9. She retained her single breach of contract claim, asserting that Prime fired her "without reason or just cause" and "in violation of the hospital bi-laws [sic]." *Id.* at ¶¶ 15–16. Prime argues that the amended complaint also fails to state a claim, because it does not identify how Prime's actions or inactions breached the contract.[2] Doc. 10.

---

[1] Premsingh purports to sue two entities, "Providence Medical Center" and "Prime Healthcare Service – Providence, LLC." Doc. 9 at 1. Prime states that "Providence Medical Center" is merely the "'doing business name' of Prime Healthcare Service – Providence, LLC." Doc. 10 at 1. Premsingh does not dispute this point. *See generally* Doc. 11 (now referring to "Defendant" rather than "Defendants").

[2] Prime asserts that Premsingh's amended complaint "is deficient under K.S.A. § 60-209(h)[.]" Doc. 10 at 5. Section 60-209 sets forth some of Kansas's civil pleading requirements. The Kansas Rules of Civil Procedure do not apply because "[w]hen…a case is removed to federal court, federal pleading standards govern." *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 972 n.13 (10th Cir. 2021); *see also Barnhardt v. Oxy USA, Inc.*, 67 F.3d 312 n.7 (10th Cir. 1995) (table) (referencing Section 60-209 and stating "[o]f course, Kansas pleading requirements would not control in federal court").

3

## II

Premsingh's only claim for breach of contract offers no specific term that was breached. Accordingly, her amended complaint must be dismissed because it fails to state a plausible claim.

Breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." *Malone v. Univ. of Kansas Med. Ctr.*, 552 P.2d 885, 888 (Kan. 1976); *see also Hill v. State*, 448 P.3d 457, 466 (Kan. 2019) (citations omitted) (noting that employment relationships in Kansas are typically "at will" unless an express or implied term governs duration). Premsingh pled that she agreed to perform physician services for Prime. Doc. 9 at ¶ 12. And she alleges that Prime breached that agreement by terminating her without cause. *Id.* at ¶ 15. But further details—such as what the agreement required of each party, or why termination without cause constitutes breach—are not forthcoming.

A "formulaic recitation of the elements of a cause of action" does not state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). So Premsingh must do more than state that a breach occurred. For example, she might explain the terms of her agreement and what acts or omissions occurred that are inconsistent with termination. *See Woods v. Ross*, No. 21-2011, 2021 WL 3077236, at *12 (D. Kan. July 21, 2021), *aff'd*, No. 22-3046, 2023 WL 1794170 (10th Cir. Feb. 7, 2023) ("[P]laintiffs simply plead conclusions—e.g., Kendra 'breached a contract with the community'—and those won't suffice."); *cf. Cecil v. BP Am. Prod. Co.*, No. CIV-16-410, 2017 WL 2987174, at *3 (E.D. Okla. Mar. 20, 2017) (denying motion to dismiss in part because "Plaintiff included specific allegations about the [contract's] terms."). Since Premsingh does not do so, she fails to state a claim.

Premsingh's arguments to the contrary are not persuasive. She notes that "Kansas law requires hospitals to adopt bylaws" and therefore argues that "the Court can make the reasonable inference that…the law also requires hospitals to adhere to the bylaws they adopt." Doc. 11 at 3 (citing Kan. Adm. Reg. § 28-34-5a). Although Prime agreed to adhere to its bylaws, she says, it violated them. Doc. 11 at 3–4; Doc. 9 at ¶¶ 11, 16. She does not identify what those bylaws are, what Prime did to contravene them, and, most importantly, how that conduct affected her contractual rights.

Without such information, Prime's bylaws are orthogonal to Premsingh's breach of contract claim. Breach of contract requires a duty "arising under or imposed by *agreement*." *Malone*, 552 P.2d at 888 (emphasis added). Allegations of some duty, somewhere, are insufficient. Yet nothing suggests that the parties' agreement incorporated Prime's bylaws. Premsingh "does not allege that the bylaws create the contract," and she does not contend that "the hospital bylaws are a contract." Doc. 11 at 6, 8. Instead, she says, "a contract existed and the bylaws imposed obligations on how that contract may be terminated." Doc. 11 at 7. Even so, those obligations do not sound in contract unless they were incorporated in Premsingh's contract or are themselves a contract. *See, e.g.*, *Vesom v. Atchison Hosp. Ass'n*, No. 04-2218, 2006 WL 2714265, at *16 (D. Kan. Sept. 22, 2006), *aff'd*, 279 F. App'x 624 (10th Cir. 2008) ("Neither party identifies, nor is the Court able to locate, Kansas law on the issue of whether hospital bylaws create an enforceable contract between the hospital and its medical staff."); *D'Souza-Klamath v. Cloud Cnty. Health Ctr., Inc.*, No. 07-4031, 2009 WL 902377, at *9 (D. Kan. Mar. 31, 2009), *aff'd sub nom. D'Souza-Kamath v. Cloud Cnty. Health Ctr., Inc.*, 363 F. App'x 658 (10th Cir. 2010) (following *Vesom*).[3] Premsingh does not allege the first possibility and disavows the second.

*Osuagwu* undermines Premsingh's claim. *Contra* Doc. 11 at 4 (citing *Osuagwu v. Gila Reg'l Med. Ctr.*, 938 F. Supp. 2d 1142, 1147 (D.N.M. 2012)). In *Osuagwu*, the New Mexico district court relied on specific bylaws detailing termination obligations. Those obligations, when read in the context of a contract describing the length and terms of a physician's appointment, created a property interest in continued employment. *Osuagwu*, 938 F. Supp. 2d at 1159. That interest could not be breached absent certain procedural guarantees. *Id.* Premsingh makes no similar allegations; her only claim is for

---

[3] The parties also reference *Hildyard v. Citizens Medical Center*, 286 P.3d 239 (Kan. Ct. App. 2012) (table). Doc. 10 at 7; Doc. 11 at 7. The *Hildyard* court noted that "[t]he general rule is that hospital bylaws can constitute a contract between a hospital and its staff," but added that "a substantial minority of jurisdictions find that bylaws that are subject to the ultimate authority of the hospital do not constitute a binding agreement between the medical staff and the hospital." 286 P.3d at 239 (citation and internal quotation marks omitted). The court concluded it "need not decide the rule in Kansas." *Id.* It need not be decided here either, since "[t]he simple fact is that [Premsingh] is not alleging that the bylaws themselves created a contract." Doc. 11 at 7.

breach of unspecified contract provisions. And as explained, Premsingh's claim requires allegations of a duty imposed by agreement. She has not pled one.

Although Premsingh pled that "a valid and enforceable agreement existed," she does not allege what that agreement required of Prime or what Prime did to contravene it. Doc. 9 at ¶ 12. The by-laws might have supplied terms or other guarantees, but Premsingh expressly rejects that possibility. Doc. 11 at 6, 8. Her complaint therefore does not "nudge[] [her] claim[] across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

### III

For the foregoing reasons, Prime's Renewed Motion to Dismiss, Doc. 10, is GRANTED.

It is so ordered.

Date: January 23, 2024         s/ Toby Crouse
                                Toby Crouse
                                United States District Judge

6